**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

DERRICK LAMONT BOOTH                                                                    PETITIONER
Reg #24944-009

v.                                                        2:17cv00191-JJV

GENE BEASLEY,
Warden, FCI- Forrest City                                                             RESPONDENT

## MEMORANDUM AND ORDER

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed by Derrick Lamont Booth, an inmate at FCI - Forrest City Medium, Federal Bureau of Prisons.

**I.    BACKGROUND**

Mr. Booth filed the instant Petition on November 2, 2017. (Doc. No. 1.) He claims the Bureau of Prisons (BOP) denied him credit for time served in state custody while awaiting disposition of his federal charges. (*Id*. at 7-8.) Respondent has responded (Doc. No. 5) and this matter is now ripe for review.

Mr. Booth alleges the BOP did not properly give him credit for time served in state custody from October 15, 2012, through August 20, 2015. (Doc. No. 1 at 9.) He requests credit for these 1039 days and "immediate release from federal custody." (*Id.*)

Respondent has provided the Declaration of James D. Crook, Supervisory Attorney at the United States Department of Justice, Federal Bureau of Prisons Consolidated Legal Center, in Oklahoma City, Oklahoma. (Doc. No. 5-1 at 1-3.) Mr. Crook reports that on July 6, 2009, the United States District Court for the Eastern District of Arkansas sentenced Petitioner to a term of

1

sixty months imprisonment for being a felon in possession of a firearm, followed by three years of supervised release.  (Doc. No. 5-1 at 1.)  On October 3, 2012, Petitioner was credited with good conduct time and completed his period of incarceration.  (*Id*.)

Very shortly thereafter, on October 15, 2012, Mr. Booth was arrested by Little Rock police officers on charges of arson and terroristic threatening second degree.  (*Id*. at 1-2.)  A jury in Pulaski County Circuit Court convicted Petitioner of arson and he was sentenced to 144 months imprisonment.  (*Id*. at 2.)  On August 18, 2015, Mr. Booth was temporarily taken into federal custody by the United States Marshals Service on a federal writ of habeas corpus ad prosequendum.  (*Id*.)  Petitioner appeared before the United States District Court for the Eastern District of Arkansas for violating his supervised release.  He was sentenced to another term of sixty months imprisonment followed by three years of supervised release.  (*Id*.)  The Court ordered this sentence to run concurrent to any *undischarged* term of imprisonment Mr. Booth was serving in the Arkansas Department of Correction (ADC).  (*Id*.)  He was returned to state custody on August 21, 2015, to complete his 144-month sentence for the arson conviction.  (*Id*.)  On January 26, 2017, Petitioner was paroled from ADC and taken into federal custody to serve the remainder of his sixty-month federal sentence.  (*Id*.)

On December 15, 2017, a sentence computation was completed and identified that Mr. Booth's sixty-month federal sentence began running on August 20, 2015 – the date he was sentenced by the Eastern District of Arkansas.  (*Id*.)  Mr. Booth received no prior custody credit because all the time he spent in custody was credited toward his Arkansas state sentence.  (*Id.* at 3.)  The Effective Full Term (EFT) of his state sentence was computed to be July 9, 2025, while the EFT for his federal sentence is August 19, 2020.  (*Id*. at 2.)

## II.     ANALYSIS

### A.     Application of Prior Credit

It is the responsibility of the BOP, when a prison sentence is imposed, to determine how much credit an inmate should receive for any time spent in custody before service of the present BOP sentence. *United States v. Wilson*, 503 U.S. 329, 333-35 (1992). Prior custody credit is governed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charges for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>  *that has not been credited against another sentence*.

18 U.S.C. § 2585(b) (emphasis added).

Understandably, Mr. Booth believes he was improperly denied credit for time served in state custody when his federal sentence was to run concurrent to his state sentence. From Mr. Booth's viewpoint, it appears he was given a sentence to run concurrent to his state imprisonment, without credit for the time he had already spent in state incarceration. However, as Respondent correctly asserts, Mr. Booth's time in state custody - prior to his August 20, 2015 sentencing - is not eligible as credit towards his federal sentence. In most instances, prisoners cannot receive double credit for their time spent in detention prior to a new sentence being handed down. *Wilson*, 503 U.S. at 337. In this case, the 1039 days Petitioner had served from October 15, 2012, to August 20, 2015, were already credited toward his state sentence.

Petitioner cites to *United States v. Smith*, 318 F. Supp. 2d 875 (C.D. CA 2004), in support

3

of his argument that a federal sentence to run concurrent should count all prior time spent in state custody. (Doc. No. 1 at 8.) However, as Respondent correctly points out, this case can be distinguished from *Smith*. In *Smith*, the Petitioner was released on federal bond for almost five years before being sentenced for his original offense. Within that five-year time period, he was convicted and sentenced for unrelated state charges, and subsequently held in a federal prison via writ for eighteen months. Petitioner Smith was credited for the time he spent in federal detention because his state crime was committed *after* the federal crime, and the eighteen months he spent in federal custody afterwards had not yet been credited towards his state sentence. *Id.* at 878. The *Smith* decision squarely reflects the plain language of 18 U.S.C. § 3585(b).

Mr. Booth's facts are unlike those in *Smith*. Mr. Booth had already been sentenced by the Eastern District of Arkansas on July 6, 2009. He was released from federal prison in 2012 under conditions of supervised release. When Mr. Booth was arrested on state charges - twelve days after his release from prison - he remained in state custody while he was sentenced by the state and then incarcerated in ADC. Petitioner was in ADC for over two years before he received his federal sentence for violating the conditions of supervised release. Respondent has provided evidence that this time spent in state custody has been credited toward his state sentence. (Doc. No. 5-1 at 21-23.) Thus, Mr. Booth is not eligible to apply this time as credit on his federal sentence as prescribed by 18 U.S.C. § 3585(b).

Out of an abundance of caution, I have also evaluated whether Mr. Booth is eligible for the double credit exception pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). I find he does not qualify. This exception can only apply if two criteria are met: (1) the non-federal and the federal sentences are concurrent; and (2) the non-federal raw Effective Full Term is either

the same or earlier than the federal raw EFT. *Lemons v. Quintana*, 2010 WL 4388066, at *9 n. 12 (W.D. Pa. October 29, 2010). Mr. Crook evaluated Mr. Booth's state EFT to be July 9, 2025, while his federal EFT is August 19, 2020. Thus, Mr. Booth does not meet the second criteria and double credit is not applicable.

### B.    Primary Custody

Mr. Booth also makes an argument that the United States assumed primary custody at some point before his release from state custody. (Doc. No. 1 at 8-9.) Construing his claim liberally, I assume Mr. Booth is attempting to invoke 18 U.S.C. § 3585(a) as another avenue of receiving credit for time served in state custody. However, this argument is similarly meritless.

Mr. Booth was discharged from federal custody upon his release from the Forrest City Federal Correctional Institution on October 3, 2012, relinquishing primary jurisdiction of Mr. Booth.[1] He was then arrested, prosecuted, convicted, and placed in ADC. Although still on federal supervised release, ". . . the state of Arkansas obtained jurisdiction over [Mr. Booth] by arresting him on charges related to [arson]." *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005). After his state conviction and sentence, Mr. Booth was temporarily transferred to federal custody via a writ of habeas corpus ad prosequendum. This temporary transfer is not to be treated as a complete transfer of primary jurisdiction. Rather, "the defendant is considered to be 'on loan' to the other sovereign." *Id.* at 896-897. That being the case, Petitioner was continuously

---

[1] Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail, 2) dismissal of charges, 3) parole, or 4) expiration of sentence. *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) (citing *United States v. Smith*, 812 F. Supp. 368, 370 n. 2. (E.D. N.Y. 1993). In this case, Mr. Booth was effectively released on parole.

incarcerated in (and receiving credit for) the primary jurisdiction of the State of Arkansas for his state crimes.   This makes him ineligible for any additional jail credit under 18 U.S.C. § 3585(a).

### III.   CONCLUSION

IT IS, THEREFORE, ORDERED THAT:

1.   Mr. Booth's Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED with prejudice and the requested relief is DENIED.

DATED this 14th day of February, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE